UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMERICAN SAFETY LLC** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 20-3451** |
| **HAROLD ALGER et al.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

Pending before the Court is the "Motion to Vacate Clerk's Entry of Default" filed by *pro se* Defendant Harold Alger ("Alger").[1] Plaintiff American Safety LLC ("Plaintiff") opposes the motion.[2] On February 22, 2021, the Clerk of Court entered a default as to Alger, Seneca Mortgage Services, LLC ("Seneca Mortgage"), and several other defendants.[3] In the instant motion, Alger seeks to vacate the entry of default on behalf of himself (an individual) and Seneca Mortgage (a limited liability company).[4] Having considered the motion, the memoranda, the arguments made at oral argument, the record, and the applicable law, the Court grants the motion in part and denies the motion in part. The Court also grants Seneca Mortgage thirty days to retain counsel in this matter.

## I. Background

Plaintiff filed a Complaint in this Court on December 23, 2020, asserting subject matter

---

[1] Rec. Doc. 30.

[2] Rec. Doc. 38.

[3] Rec. Doc. 28.

[4] Rec. Doc. 30 at 1.

1

jurisdiction pursuant to 28 U.S.C. § 1332.[5] Plaintiff alleges that it provides personal protective equipment (PPE) to hospitals and other businesses.[6] Plaintiff further alleges that following the increase in demand for N95 masks during the COVID-19 pandemic, it entered into an Escrow Agreement with Defendants (including numerous individual defendants and financial institutions) to effectuate the sale of over 100 million masks from China to Plaintiff.[7] Plaintiff asserts that after it made multiple payments to Defendants, it "became clear . . . that the Defendants did not have the ability to provide" the masks.[8] Plaintiff claims that Defendants were engaged in a conspiracy and fraud with respect to the mask agreement.[9] Plaintiff brings state law claims for breach of contract, fraud, fraud in the inducement, violation of the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA"), conspiracy, breach of fiduciary duty, and attorney malpractice.[10]

On January 22, 2021, an Affidavit of Service was entered into the record by Plaintiff's counsel stating that Alger was served with the Complaint on January 6, 2021 and Seneca Mortgage was served with the Complaint on January 8, 2021.[11] On February 15, 2021, Plaintiff filed a "Motion for Entry of Default" requesting that the Clerk of Court enter a default against Alger, Seneca Mortgage, and four other defendants who had failed to appear or otherwise respond

---

[5] Rec. Doc. 1.

[6] Id.

[7] Id.

[8] Id.

[9] Id.

[10] Id.

[11] Rec. Doc. 22.

to the Complaint.[12] On February 22, 2021, the Clerk of Court entered a default against these defendants including Alger and Seneca Mortgage.[13]

On March 9, 2021, Alger filed the instant "Motion to Vacate Clerk's Entry of Default."[14] On March 30, 2021, Plaintiff filed an opposition to the instant motion.[15] The Court held oral argument on the motion on April 7, 2021 by videoconference.

## II. Law and Analysis

In the instant motion, *pro se* defendant Alger seeks to vacate the entry of default entered by the Clerk of Court on behalf of himself and Seneca Mortgage pursuant to Federal Rule of Civil Procedure 55(c).[16] As to himself, Alger states that he was "never personally served with any documents, nor did [he] receive documents at [his] residence that required [his] signature."[17] Alger also states that Plaintiff's counsel sent the Complaint and Summons to an old address where he no longer resides.[18] Alger notes that the "green United States Postal Service Return receipt" does not contain his signature but rather "looks to have the word COVID written on the signature line."[19] As to Seneca Mortgage, Alger states that "neither I nor David Rusk, the agent who is designated to receive service, was personally served with any documents, nor did either of us

---

[12] Rec. Doc. 27.

[13] Rec. Doc. 28.

[14] Rec. Doc. 30.

[15] Rec. Doc. 38.

[16] Rec. Doc. 30.

[17] *Id.* at 1.

[18] *Id.*

[19] *Id.* at 4.

3

receive summons and complaint that required either my or Mr. Rusk's signature."[20] In support of the instant motion, Alger attaches his declaration and a declaration of David Rusk.[21]

In opposition to the instant motion, Plaintiff argues that Plaintiff properly served Alger and Seneca Mortgage under Louisiana law.[22] Plaintiff also argues that the Clerk of Court properly entered default against Alger and Seneca Mortgage pursuant to Federal Rule of Civil Procedure 55.[23] In addition, Plaintiff notes that Seneca Mortgage, a limited liability company, cannot appear *pro se*.[24]

### A.     Whether Alger (an individual) can represent Seneca Mortgage (an LLC)

Alger seeks to vacate the entry of default as to himself and Seneca Mortgage.[25] According to the Complaint, Seneca Mortgage is a limited liability company with two members: David Rusk and John Chapman.[26] The Fifth Circuit has held "that a corporation as a fictitious legal person can only be represented by licensed counsel."[27] Under Louisiana law, like a corporation or partnership, an LLC is an entity separate from its owners.[28] Because an LLC is a separate entity, a member that is not a licensed attorney may not represent the LLC in court, even if the LLC is a

---

[20] *Id.* at 1–2.

[21] Rec. Doc. 30 at 3–8.

[22] Rec. Doc. 38 at 1–4.

[23] *Id.* at 5.

[24] *Id.* at 5–6.

[25] *Id.* at 1.

[26] Rec. Doc. 1 at 2.

[27] *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984), *cert. denied,* 469 U.S. 1217 (1985) (citing *K.M.A., Inc. v. Gen. Motors Acceptance Corp.,* 652 F.2d 398, 399 (5th Cir. 1982)).

[28] La. R.S. § 12:1301(10).

4

single member LLC.[29] Therefore, Alger may not represent Seneca Mortgage in this action. Accordingly, the Court denies the instant motion to the extent that Alger seeks to vacate the entry of default as to Seneca Mortgage. Additionally, considering the arguments made at oral argument, the Court grants Seneca Mortgage thirty days to retain counsel in this matter.

### B. *Whether the Entry of Default should be Vacated as to Alger Individually*

In the instant motion, Alger also seeks to vacate the entry of default entered by the Clerk of Court as to himself individually.[30] Federal Rule of Civil Procedure 55(c) pertinently provides "for good cause shown, the court may set aside an entry of default."[31] The Fifth Circuit has held that courts should examine four factors to determine whether good cause is shown: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented.[32] "These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause."[33] Nevertheless, "[d]efaults are not favored and their strict enforcement 'has no place in the Federal Rules.'"[34] A district court's decision to vacate an entry of default is reviewed for abuse of discretion.[35]

Applying the three good cause factors here, the Court grants the instant motion to the extent that Alger seeks to vacate the entry of default as to himself individually. First, there is no

---

[29] § 1:2. The Louisiana limited liability company: The entity, 9 La. Civ. L. Treatise, LLC & Partnership Bus. & Tax Plan § 1:2 (4th ed.) (citing *Collier v. Cobalt, LLC*, 2002 WL 726640 (E.D. La. 2002)).

[30] Rec. Doc. 30.

[31] Fed. R. Civ. P. 55(c).

[32] *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).

[33] *Id.* (internal citation omitted).

[34] *Id.* (internal citation omitted).

[35] *Id.*

evidence indicating that Alger's failure to act was willful; rather, Alger attests that he did not receive the Complaint and Summons because it was sent to the wrong address.[36] The United States Postal Service Return receipt does not contain Alger's signature and appears to have the word COVID written on the signature line.[37] Second, setting aside the default would not prejudice the adversary because this litigation is in its infancy. The Fifth Circuit has stated that "[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case."[38] Third, Alger has filed an answer responding to the Complaint filed by Plaintiff and asserting several affirmative defenses and a cross claim in this action. Accordingly,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** to the extent that Alger seeks to vacate the entry of default as to himself individually. The Motion is **DENIED** to the extent that Alger seeks to vacate the entry of default as Seneca Mortgage because Alger cannot represent an LLC.

---

[36] Rec. Doc. 30 at 4.

[37] Rec. Doc. 30-1 at 7.

[38] *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (internal quotation omitted).

**IT IS FURTHER ORDERED** that Defendant Seneca Mortgage is granted thirty days to retain counsel in this matter.

**NEW ORLEANS, LOUISIANA**, this \_\_\_\_9th\_\_\_\_ day of April, 2021.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**