UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AMERICAN SAFETY LLC** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 20-3451** |
| **HAROLD ALGER et al.** | **SECTION: "G"(1)** |

## ORDER AND REASONS

Pending before the Court is the unopposed "Motion to Vacate Clerk's Entry of Default, Oppose Plaintiff's Motion for Default Judgment and Request Thirty (30) days to Obtain Counsel and File an Answer" filed by *pro se* Defendant Sam Bauer ("Bauer").[1] On February 22, 2021, the Clerk of Court entered a default as to Bauer, Bauer & Bauer, LLC ("Bauer LLC"), and several other defendants.[2] In the instant motion, Bauer seeks to vacate the entry of default on behalf of himself (an individual) and Bauer (a limited liability company).[3] Having considered the motion, the record, and the applicable law, the Court grants the motion in part and denies the motion in part. The Court also grants Bauer LLC thirty days to retain counsel in this matter.

## I. Background

Plaintiff filed a Complaint in this Court on December 23, 2020, asserting subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[4] Plaintiff alleges that it provides personal protective

---

[1] Rec. Doc. 43.

[2] Rec. Doc. 28.

[3] Rec. Doc. 43.

[4] Rec. Doc. 1.

1

equipment (PPE) to hospitals and other businesses.[5] Plaintiff further alleges that following the increase in demand for N95 masks during the COVID-19 pandemic, it entered into an Escrow Agreement with Defendants (including numerous individual defendants and financial institutions) to effectuate the sale of over 100 million masks from China to Plaintiff.[6] Plaintiff asserts that after it made multiple payments to Defendants, it "became clear . . . that the Defendants did not have the ability to provide" the masks.[7] Plaintiff claims that Defendants were engaged in a conspiracy and fraud with respect to the mask agreement.[8] Plaintiff brings state law claims for breach of contract, fraud, fraud in the inducement, violation of the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA"), conspiracy, breach of fiduciary duty, and attorney malpractice.[9]

On January 22, 2021, an Affidavit of Service was entered into the record by Plaintiff's counsel stating that Bauer was served with the Complaint on January 7, 2021 and Bauer LLC was served with the Complaint on January 7, 2021.[10] On February 15, 2021, Plaintiff filed a "Motion for Entry of Default" requesting that the Clerk of Court enter a default against Bauer, Bauer LLC, and four other defendants who had failed to appear or otherwise respond to the Complaint.[11] On February 22, 2021, the Clerk of Court entered a default against these defendants including Bauer

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] Rec. Doc. 22.

[11] Rec. Doc. 27.

and Bauer LLC.[12] On April 7, 2021 Bauer filed the instant motion.[13] No opposition has been filed into the record as of the date of this Order.

## II. Law and Analysis

In the instant motion, *pro se* defendant Bauer seeks to vacate the entry of default entered by the Clerk of Court on behalf of himself and Bauer LLC.[14] As to himself, Bauer states that "it [was his] understanding, as a layperson, that an out of town lawsuit must be personally served" but that he "only received a mailing" and was later informed that a lawsuit could be initiated by a mailing.[15] Bauer also indicates that he is the president of Bauer LLC.[16]

### A. *Whether Bauer (an individual) can represent Bauer LLC (an LLC)*

It appears from the instant motion that Bauer seeks to vacate the entry of default as to himself and Bauer LLC.[17] According to the Complaint, Bauer LLC is a limited liability company with two members.[18] The Fifth Circuit has held "that a corporation as a fictitious legal person can only be represented by licensed counsel."[19] Under Louisiana law, like a corporation or partnership, an LLC is an entity separate from its owners.[20] Because an LLC is a separate entity,

---

[12] Rec. Doc. 28.

[13] Rec. Doc. 43.

[14] *Id.*

[15] *Id.* at 3–4.

[16] *Id.* at 3.

[17] *Id.* at 1.

[18] Rec. Doc. 1 at 2.

[19] *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir.1984), *cert. denied,* 469 U.S. 1217 (1985) (citing *K.M.A., Inc. v. Gen. Motors Acceptance Corp.,* 652 F.2d 398, 399 (5th Cir.1982)).

[20] La. R.S. § 12:1301(10).

a member that is not a licensed attorney may not represent the LLC in court, even if the LLC is a single member LLC.[21] Therefore, Bauer may not represent Bauer LLC in this action. Accordingly, the Court denies the instant motion to the extent that Bauer seeks to vacate the entry of default as to Bauer LLC.

Bauer also requests thirty days to obtain counsel and file an answer on behalf of himself and Bauer LLC.[22] The Court grants Bauer and Bauer LLC thirty days to obtain counsel and file an answer.

**B.    *Whether the Entry of Default should be Vacated as to Bauer Individually***

In the instant motion, Bauer also seeks to vacate the entry of default entered by the Clerk of Court as to himself individually.[23] Federal Rule of Civil Procedure 55(c) pertinently provides "for good cause shown, the court may set aside an entry of default."[24] The Fifth Circuit has held that courts should examine four factors to determine whether good cause is shown: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented.[25] "These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause."[26] Nevertheless, "[d]efaults are not favored and their strict enforcement 'has no place in the Federal Rules.'"[27] A

---

[21] § 1:2.The Louisiana limited liability company: The entity, 9 La. Civ. L. Treatise, LLC & Partnership Bus. & Tax Plan § 1:2 (4th ed.) (citing *Collier v. Cobalt, LLC*, 2002 WL 726640 (E.D. La. 2002)).

[22] Rec. Doc. 43 at 4.

[23] Rec. Doc. 30.

[24] Fed. R. Civ. P. 55(c).

[25] *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003).

[26] *Id.* (internal citation omitted).

[27] *Id.* (internal citation omitted).

district court's decision to vacate an entry of default is reviewed for abuse of discretion.[28]

Applying the three good cause factors here, the Court grants the instant motion to the extent that Bauer seeks to vacate the entry of default as to himself individually. First, there is no evidence indicating that Bauer's failure to act was willful; rather, Bauer states that he was unaware that the instant litigation could be commenced by mail without personal service.[29] Second, setting aside the default would not prejudice the adversary because this litigation is in its infancy. The Fifth Circuit has stated that "[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case."[30] Third, Bauer indicated that he intends to file an answer responding to the Complaint filed by Plaintiff in this action. Accordingly,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** to the extent that Bauer seeks to vacate the entry of default as to himself individually. The Motion is **DENIED** to the extent that Bauer seeks to vacate the entry of default as Bauer LLC because Bauer cannot represent an LLC.

---

[28] *Id.*

[29] Rec. Doc. 43 at 3–4.

[30] *Lacy v. SitelCorp.*, 227 F.3d 290, 293 (5th Cir. 2000) (internal quotation omitted).

**IT IS FURTHER ORDERED** that Defendants Bauer and Bauer LLC are granted thirty days to retain counsel and file an answer in this matter.

**NEW ORLEANS, LOUISIANA**, this __3rd__ day of May, 2021.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**